# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AARON WOOLES,**

  **Plaintiff,**

 v.           Civil Action 2:18-cv-1206
               Chief Judge Edmund A. Sargus, Jr.
               Magistrate Judge Kimberly A. Jolson

**UNITED PARCEL SERVICE,
INC. (OHIO),**

  **Defendant.**

## STIPULATED PROTECTIVE ORDER

  IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff Aaron Wooles and Defendant United Parcel Service, Inc. (Ohio) ("UPS"), as follows:

  WHEREAS, information has been and may be sought, produced, or exhibited by and among the parties to the above-referenced action. Information has also been and may be sought and produced by subpoenaed parties. Some but not all of the information sought may include protected health information as defined under 45 CFR § 160.103 as well as competitively sensitive information, proprietary information, trade secrets (the "Confidential Information," further defined herein).

  NOW, THEREFORE, this Stipulated Protective Order is necessary to protect such Confidential Information and such protection shall be according to the following terms:

  1.  CONFIDENTIAL INFORMATION. Any party to this action may designate materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if that party makes a good faith determination that the material contains or constitutes "Confidential Information" as further defined herein.

a. Confidential Material. Confidential Information may include, without limitation, confidential personal information, medical information, trade secrets, proprietary research and development, competitively sensitive information, or any other such proprietary commercial information that is not publicly available.

b. Protected Health Information. All material containing "protected health information" as defined under 45 CFR § 160.103 shall be designated CONFIDENTIAL by the producing party.

2. Any information or document sought which is asserted by any of the parties to contain or constitute Confidential Information, shall be so designated by said party in writing, and shall be segregated from other information or documents being submitted or produced. Information or documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," depending on the sensitivity of the Litigation Material. As used herein, "Litigation Material" means any document, information, or other thing produced or exchanged by and among all Parties or received from non-parties, including, but not limited to, all deposition testimony; testimony taken at hearings or other proceedings; interrogatory answers; declarations; documents and all other discovery materials whether produced informally or in response to discovery requests; expert testimony; and filing motions, transcripts, and exhibits. Any person or entity may, within ten (10) days of the receipt of a transcript of oral testimony, designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by so notifying the other parties of such designation in writing. Any document or information marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be used in accordance with paragraphs 3 - 5 below, exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

3. In the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any Confidential Information submitted or produced in accordance with the provisions of paragraph 2 that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties and their attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information, and necessary stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, and (v) the producing or submitting party during its or his or her deposition or testimony.

4. Confidential Information submitted in accordance with the provisions of paragraph 2 shall not be made available to any person designated in paragraph 3(ii) or (iii) unless such person shall have first read this Order, agreed to be bound by the terms thereof as set forth in the attached Exhibit A, agreed not to reveal such Confidential Information to anyone other than persons designated in paragraph 3, and agreed to use such Confidential Information solely for the purpose of this litigation.

5. Any party or non-party in this Action may designate Litigation Material as "ATTORNEYS' EYES ONLY" upon making a good faith determination that the Litigation Material contains information not in the public domain that is not only "CONFIDENTIAL," but also contains or discloses competitively sensitive information, proprietary information, or trade secrets pursuant to the Ohio Uniform Trade Secrets Act, Ohio Revised Code Section 1333.61, including but not limited to detailed financial statements, business proposals, business strategies, or rate information, where disclosure would reasonably be deemed to result in a competitive harm

to the business of the designating party or non-party as determined under existing law in the 6th Circuit.

The Parties shall endeavor not to overuse the "ATTORNEYS' EYES ONLY" designation.

6. Notwithstanding the provisions to timely designate Confidential Information under the foregoing paragraphs for documents that are produced after the entry of this Protective Order, the inadvertent failure to designate any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will not be deemed to waive a later claim that such information is Confidential Information. Nothing herein shall preclude any party to this action from changing that party's initial designation regarding the confidentiality of any such documents and notifying the other parties in writing of that change; provided, however, that it shall not be deemed a breach of this Protective Order for any action to have been taken by a party or its counsel with respect to such information consistent with the original designation or non-designation of such information prior to receipt of such notice. A party receiving such written notice shall make every reasonable effort to retrieve any inadvertently disclosed materials from persons not authorized to receive them pursuant to this Protective Order.

7. If the Court orders, or if all parties agree, that access to, or the dissemination of, information submitted or marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate shall be made to persons not included in paragraphs 3 and 5, all such persons shall be subject to the terms and conditions of this Order with respect to any such Confidential Information.

8. Any Confidential Information submitted to the Court in connection with a motion, pretrial, or other proceeding within the purview of this litigation shall be submitted as set forth in paragraphs 2 or 5 under seal, pursuant to obtaining proper leave of Court under S.D. Ohio Civ. R.

5.2.1, and shall be maintained by the Clerk of Courts under seal until otherwise ordered by the Court or agreed upon by the parties in writing. Only the Court and counsel of record for the respective parties, as well as the parties, shall have access to such Confidential Information.

9. The parties and their attorneys agree that any Confidential Information submitted as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate pursuant to paragraphs 2 or 5 is to be treated as such until all parties agree otherwise in writing or until the Court otherwise orders. A party shall not be obligated to challenge the propriety of designating any Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any stage of these proceedings with the designation by the producing party of any information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be informally resolved, the party objecting to the designation may seek appropriate relief from this Court, and must do so promptly upon notification by the other party that said dispute cannot be resolved by agreement. Nothing herein shall relieve the producing party from the burden of proof to make the evidentiary showing required to support the designation.

10. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any Confidential Information designated by said individual or entity in accordance with paragraphs 1 or 4.

11. All persons having knowledge of, access to, or possession of any Confidential Information as a result of this litigation shall refrain from disclosing any portion of such

Confidential Information to any other person or entity except as otherwise permitted by this Order, by this Court, or by the parties in writing.

12. If Confidential Information submitted or produced in accordance with paragraph 1 is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

13. The parties agree that any inadvertent disclosure of any privileged material shall not result in the waiver of any associated privilege nor result in a subject matter waiver of any kind. The parties agree, however, that the disclosure of any particular material shall cease to be "inadvertent" if, five (5) business days after the receiving party both notifies the producing party that it has received the material and provides a copy of the material, the producing party does not request that the material be returned. If the producing party requests the return of material under a claim of privilege, then the receiving party shall, within five (5) business days: (a) return the material and destroy all copies of thereof, or (b) advise the producing party that a dispute exists concerning the claimed privilege. If the receiving party exercises option (b), above, receiving party shall thereafter promptly file an appropriate motion with the Court under seal for determination of whether the material is privileged. While such motion is pending, that material shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate and shall be treated by the parties in a manner consistent with said designation In either situation, the receiving party shall make no copies of the material.

14. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in conformity with the Federal Rules of Civil Procedure and other applicable law.

15. Within sixty (60) days after termination of this litigation, the parties shall assemble and return to the party asserting confidential treatment all items containing Confidential Information submitted or produced in accordance with paragraphs 1 or 4. At the option of the party asserting confidential treatment, the parties may elect to destroy all items containing Confidential Information submitted or produced in accordance with paragraphs 1 or 4. If either party elects to have its Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies of documents containing notes or other attorney work product shall be destroyed. In addition, all summaries, extracts, or compilations taken from such shall be destroyed.

16. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

17. Neither this Order nor the designation of any item as Confidential Information shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

18. Neither this Order nor the designation of any item as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate shall be construed as an admission that such material or testimony would be admissible in evidence in this litigation.

19. Nothing in this Order shall preclude any party from using its own Confidential Information in any manner it chooses.

20. It is the spirit and intent of this document to maintain confidentiality of Confidential Information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered. The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

IT IS SO ORDERED.


Date: March 4, 2019 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

AGREED:

| | |
|---|---|
| /s/ Bradley Jeckering | /s/ Charles M. Roesch |
| Bradley Jeckering (0092299) | Charles M. Roesch (0013307) |
| Joel Sprout (0091677) | Zachary J. Weber (0097997) |
| D. Luke Meenach (0096286) | Dinsmore & Shohl LLP |
| Jeckering & Associates, LLC | 255 E. Fifth Street, Suite 1900 |
| 16 S. Main Street | Cincinnati, Ohio 45202 |
| Mechanicsburg, Ohio 43044 | Tel: (513) 977-8178 |
| Tel: (937) 896-2222 | Fax: (513) 977-8141 |
| Fax: (614) 515-4905 | chuck.roesch@dinsmore.com |
| brad@centralohiolegal.com | zachary.weber@dinsmore.com |
| joel@centralohiolegal.com | |
| luke@centralohiolegal.com | *Attorneys for Defendant United Parcel Service, Inc. (Ohio)* |
| *Attorneys for Plaintiff Aaron Wooles* | |